IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-10090-01-WEB |
| | ) | |
| RANDY MICHAEL WAMBOLT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter came before the court on January 20, 2010, for sentencing of the defendant. This written memorandum will supplement the oral rulings made by the court at the sentencing hearing.

On November 4, 2009, the defendant Randy Michael Wambolt pled guilty to a one-count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). There was no plea agreement between the parties. Despite the fact that the defendant pled guilty to a crime of violence, the court, without objection, continued his pretrial release on bond pending the sentencing. Sentencing was scheduled for January 20, 2010.

A Presentence Report was prepared by the Probation Office, which found the defendant's total offense level to be 19, with a Criminal History Category of II, resulting in an advisory guideline range of 33-41 months' imprisonment under the U.S. Sentencing Guidelines. The defendant filed no objections to the Report, although his counsel filed a Sentencing Memorandum arguing that the factors in 18 U.S.C. § 3553(a) warranted a sentence below the guideline range. Doc. 29.

On January 14, 2010, after receiving a report from the Probation Office alleging that the defendant had violated the terms of his release by testing positive for amphetamines, the court authorized a warrant for the defendant's arrest to show cause why his bond should not be revoked.

At the January 20, 2010 sentencing hearing, defense counsel conceded that the defendant had violated the terms of his release by using methamphetamine. Although the defendant had previously claimed to the probation office that the positive drug test was due to over-the-counter medication, at the sentencing hearing the defense conceded that the defendant had knowingly used methamphetamine.[1] Counsel attributed this usage to the "stress" of the upcoming sentencing and other personal problems of the defendant. Counsel further argued for a reduction in sentence under the factors in 18 U.S.C. § 3553(a), on the grounds that various aspects of the defendant's background, personal history, and the nature of the offense, warranted a sentence below the guideline range and possibly some form of halfway house placement. The Government argued in opposition to the request, contending that a sentence at the high end of the guideline range was appropriate. The court also heard a statement from a bank representative who attested to the psychological harm done to the tellers who were the victims of the defendant's offense.

In determining a sentence, the sentencing court must first calculate the Guideline range, and then consider what sentence is appropriate for the individual defendant in light of the

---

[1] Prior to the hearing, the Probation Office obtained an opinion letter from Pat Pizzo, the Director of Toxicology at Kroll Laboratories, stating an opinion that the defendant's U/A test results were not caused by the medication he took, but rather showed that he used methamphetamine prior to the collection on 12/19/09. The opinion letter was disclosed to the defense, and defense counsel conceded the validity of the opinion at the sentencing hearing.

statutory sentencing factors in section 3553(a), explaining any variance from the Guideline range by referencing the statutory factors. *Nelson v. United States*, 555 U.S. ___ , 129 S.Ct. 890, (Jan. 26, 2009).

Under 18 U.S.C. § Section 3553, the court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, including the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

After considering these factors, the court concluded that a sentence at the high end of the advisory guideline range – 41 months – was sufficient but not greater than necessary to meet the purposes of sentencing. The court noted that the crime of robbery is a crime of violence, and the Presentence Report and the matters presented at sentencing show that the victims of this offense suffered as a result of the defendant's actions. Additionally, the defendant has a number of prior

convictions, including several DUI's, as well as battery and theft convictions. He also knowingly used methamphetamine while on bond in this case. His history and actions show that not only would his continued release pose a danger to himself and the public, but that a substantial imprisonment sentence is warranted in his case. The court concludes that a guideline sentence of 41 months, together with the other terms and conditions of sentence stated at the hearing, will properly reflect the seriousness of the offense, will afford adequate deterrence, and will protect the public from further crimes of the defendant.

*Conclusion*.

Defendant's request for a sentence below the advisory guideline range is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this 21st____ Day of January, 2010, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge
